THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Adam Ben
 Culbertson, Appellant,
 
 
 
 
 

   v.

 
 
 
 Melanie Lynn
 Culbertson, Michael Wayne Emery, and a minor child, Defendants,
 
 
 Of Whom Melanie
 Lynn Culbertson is the Respondent.
 
 
 
 
 

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No.  2010-UP-393
 Submitted August 2, 2010  Filed August
25, 2010

AFFIRMED

 
 
 
 Andrew G. Goodson, of Fountain Inn, for Appellant.
 Richard H. Rhodes and William H. Rhodes, both of Spartanburg, for
 Respondent.
 M. Todd Thigpen, of Spartanburg, Guardian ad Litem. 
 
 
 

PER CURIAM:  Adam Ben Culbertson (Father) appeals the
 family court's order granting the parties joint custody of their twelve-year-old
 minor child (Child) with primary placement of Child with Melanie Lynn
 Culbertson (Mother).  Father argues the family court erred in designating a
 primary custodian for Child and instead should have divided custody evenly
 between Mother and Father through a "true" joint custody
 arrangement.  We affirm.[1]
We
 find a preponderance of the evidence supports the family court's granting of
 joint custody with primary placement of Child with Mother.  See Spreeuw v. Barker, 385 S.C. 45, 57, 682 S.E.2d 843, 849 (Ct. App. 2009) ("In an
 appeal from the family court, this court may correct errors of law and find
 facts in accordance with its own view of the preponderance of the evidence."). 
 The family court is in a better position to judge the demeanor of the parties,
 and its decision is supported by specific findings of fact and conclusions of
 law.  See id. ("We are not, however, required to ignore the
 fact that the [family court] judge, who saw and heard the witnesses, was in a
 better position to evaluate their credibility and assign comparative weight to
 their testimony. In particular, an appellate court should be reluctant to
 substitute its own evaluation of the evidence on child custody for that of the
 family court.") (citations omitted).    
AFFIRMED.
FEW, C.J., KONDUROS and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.